UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

May 30, 2018

MEMORANDUM TO COUNSEL RE:    Kenneth House v. Mitra QSR KNE, LLC
Civil Action No. GLR-17-412

Dear Counsel:

Pending before the Court is Defendant Mitra QSR KNE, LLC's ("Mitra") Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 18). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motion.[1]

In August 2014, Plaintiff Kenneth House began his employment with Mitra as General Manager of one of its Baltimore Kentucky Fried Chicken locations. (Compl. ¶¶ 2, 5, ECF No. 1).[2] Mitra represented to House and its other employees that it complies with the Americans with Disabilities Act ("ADA") and that it would provide reasonable accommodations for employees who made Mitra aware of their disabilities. (Id. ¶ 6). In July 2015, House informed his supervisor, Richard Skelly, that he suffered from a qualifying disability—alcoholism—and that a twenty-eight day treatment program had accepted him. (Id. ¶ 7). House requested that Skelly hold his job while he was in treatment, and Skelly assured House that he would "have a spot for [him]" upon House's return. (Id. ¶ 8). While House was in treatment, neither he nor his family received any paperwork from Skelly or Mitra, and Skelly and Mitra did not initiate the required process to determine whether they would grant House's leave. (Id. ¶¶ 8–9, 13).

On August 26, 2015, after returning from treatment, House asked Skelly when he could resume work. (Id. ¶ 10). Skelly first ignored House and then directed House to contact the Regional Vice President of Operations, Homer Hunt. (Id. ¶¶ 10–11). Hunt informed House that his employment had been terminated on August 3, 2015, while House was in treatment. (Id. ¶ 11). House suffered severe emotional distress from his termination, and in September 2015, he filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶¶ 14–15). Later that month, the EEOC issued a written determination that Mitra had discriminated against House in violation of the ADA. (Id. ¶ 16).

---

[1] Also pending before the Court is Mitra's Motion to Stay Discovery (ECF No. 21). Because the Court will dismiss the case, it will deny this Motion as moot.

[2] Unless otherwise noted, the Court sets forth facts from House's Complaint (ECF No. 1). To the extent that the Court discusses facts that House does not allege in his Complaint, those facts are uncontroverted, and the Court views them in the light most favorable to House. The Court will address additional facts when discussing applicable law.

On November 14, 2016, the EEOC issued House a Right to Sue letter. (Id. ¶ 17). House then died on February 11, 2017. (Bennett Decl. ¶ 5, ECF No. 18-3). On February 13, 2017, the ninetieth day after House received his Right to Sue letter, House's counsel filed suit against Mitra in House's name. (ECF No. 1).

In his one-count Complaint, House[3] alleges discrimination and failure to accommodate in violation of the ADA, 42 U.S.C. §§ 12101 et seq. (2018). (Compl. ¶¶ 19–25). House seeks an amount greater than $500,000 in compensatory and punitive damages, as well as attorneys' fees and costs. (Id. at 6). On May 24, 2017, Mitra filed an Answer. (ECF No. 6). The next day, House filed a Notice of Death of Plaintiff under Federal Rule of Civil Procedure 25. (ECF No. 9). On September 5, 2017, Mitra filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 18). On September 16, 2017, House filed an Opposition, (ECF No. 23), to which Mitra filed a Reply on October 2, 2017, (ECF No. 24).

Mitra styles its Motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). Pursuant to Rule 12(d), when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion. First, that the "parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment" and second, "that the parties first 'be afforded a reasonable opportunity for discovery.'" Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013) (quoting Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)).

When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005). Rule 56(d) provides that the Court may deny or continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "[T]he failure to file an affidavit under Rule 56[(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)).

Here, House does not oppose the Court construing the Motion as one for summary judgment, has not submitted a Rule 56(d) affidavit expressing a need for discovery, and has attached his own extrinsic evidence to his Opposition. Accordingly, the Court will construe Mitra's Motion as one for summary judgment.

---

[3] For simplicity, the Court continues to refer to the plaintiff as House, even though he is deceased, because he is listed in the Complaint as the plaintiff. The Court acknowledges that whether House is a legal entity that may sue Mitra is one issue the Motion presents.

2

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

In this case, the parties do not dispute that House died before his counsel filed suit against Mitra. Mitra contends that, as a result, the suit is a "nullity" and must be dismissed. (Def.'s Mot. Dismiss Summ. J. at 4, ECF No. 18). House concedes that his claims must be brought in the name of the personal representative of his estate, rather than his own name. He argues, however, that under Rule 17(a)(3), he is entitled to substitute the personal representative of his estate in place of the plaintiff. The Court agrees with Mitra.[4]

---

[4] Mitra also argues that House's Notice of Death of Plaintiff under Rule 25 is ineffective. In his Opposition, House concedes that the Notice is ineffective because Rule 25 only applies when a plaintiff dies after he files the complaint.

3

Bringing suit in the name of a deceased party is an unusual circumstance. Neither this Court, nor the United States Court of Appeals for the Fourth Circuit, has considered whether a suit brought in the name of a deceased party may proceed by substituting a proper party under Rule 17(a)(3). Other district courts, however, uniformly agree that "legal existence" is a "prerequisite to having the capacity to sue," making a suit brought in the name of a deceased party a "mere nullity." Sams v. GA W. Gate, LLC, No. 415-282, 2016 WL 3339764, at *2 (S.D. Ga. June 10, 2016) (quoting In re Engle Cases, No. 3:09-CV-10000-J-32, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013)); see also, e.g., In re Asbestos Prod. Liab. Litig. (No. VI), 311 F.R.D. 152, 155 (E.D. Pa. 2015) (concluding that such suits are "nullities ab initio due to the deceased Plaintiffs' lack of legal existence"); Adelsberger v. United States, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003) ("The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, no."); Banakus v. United Aircraft Corp., 290 F.Supp. 259, 260 (S.D.N.Y. 1968) ("An action cannot be brought by a deceased.").

Here, because House's counsel filed suit against Mitra in House's name, even though House had already died, the Court concludes that the suit is a "nullity." See, e.g., Sams, 2016 WL 3339764, at *2 (quoting Banakus, 290 F.Supp. at 260).

Because suits brought in the name of deceased plaintiffs are nullities, courts agree that "no claims [are] capable of amendment" under Rule 17. E.g., id. (quoting Banakus, 290 F.Supp. at 260). Rule 17 does not address "the prerequisite of legal existence;" rather, it "only contemplates the capacity to sue." In re Asbestos Prod. Liab. Litig., 311 F.R.D. at 155 (citing Roby v. Corp. of Lloyd's, 796 F.Supp. 103, 110 (S.D.N.Y. 1992)). When suits are "nullities," "the prerequisite of legal existence" is not met, and so, "Rule 17 never becomes relevant." Id. Thus, complaints in such suits "may not be amended nor may plaintiffs be substituted." Id. (citing Banakus, 290 F.Supp. at 260).

House's argument that under Rule 17(a)(3), he is entitled to substitute the personal representative of his estate in place of the plaintiff, is unavailing. Granted, House relies upon authority in which courts have allowed plaintiffs to substitute personal representatives of their estates in place of the named plaintiff. But most of the authority House relies upon shares one crucial fact: a living party originally filed the suit. See, e.g., Pueschel v. Veneman, 185 F.Supp.2d 566, 567 (D.Md. 2002) (daughter of deceased former employee filed suit); Estwick v. U.S. Air Shuttle, 950 F.Supp. 493, 496 (E.D.N.Y. 1996) (widow of deceased former employee filed suit). House identifies only one case in which a court permitted a plaintiff to substitute the personal representative of her estate into the suit, despite being deceased when the suit was filed. See Wilson v. Big Lots, Inc., No. CV-13-S-1008-NE, 2013 WL 5532703, at *3 (N.D. Ala. Oct. 7, 2013). The court in Wilson, however, did not address whether the suit was a nullity.

Here, instead, because the instant suit is a nullity, "the prerequisite of legal existence" is not met. In re Asbestos Prod. Liab. Litig., 311 F.R.D. at 155. Rule 17, therefore, "never becomes relevant." Id. Thus, House may not substitute the personal representative of his estate in place of the plaintiff. Accordingly, because the suit is a nullity that House cannot cure, the Court will grant the Motion.

For the foregoing reasons, Mitra's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 18), construed as a Motion for Summary Judgment, is GRANTED. Mitra's Motion to Stay Discovery (ECF No. 21) is DENIED AS MOOT. Judgment is ENTERED in favor of Mitra. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
George L. Russell, III
United States District Judge